YOU RECENTLY REQUESTED AN INFORMAL OPINION CONCERNING THE FOLLOWING QUESTIONS:
 WHETHER THE REAL ESTATE APPRAISER BOARD MAY IMPLEMENT, BY RULE, A PROVISION FOR TRANSITIONAL LICENSING.
 THE PERTINENT FACTS AS PROVIDED TO THIS OFFICE ARE AS FOLLOWS:
 1. THE OKLAHOMA REAL ESTATE APPRAISERS ACT, 59 O.S. 858-700 (1990) ET SEG. GOES INTO EFFECT SEPTEMBER 1, 1991.
 2. THE ACT DOES NOT SPECIFICALLY PROVIDE FOR THE ISSUANCE OF A LICENSE, WHICH WOULD ALLOW AN APPRAISER TO BECOME LICENSED WITHOUT FIRST POSSESSING TWO YEARS EXPERIENCE IN REAL PROPERTY APPRAISAL.
 3. THE REAL ESTATE APPRAISER BOARD WOULD LIKE TO IMPLEMENT, BY RULE, A PROVISION FOR A TRANSITIONAL LICENSE TO LICENSE INDIVIDUALS WHO LACK THE NECESSARY EXPERIENCE.
 YOUR QUESTION REQUIRES AN ANALYSIS OF 59 O.S. 858-713 WHICH READS IN PERTINENT PART:
 "A. AN ORIGINAL CERTIFICATION AS AN OKLAHOMA CERTIFIED APPRAISER SHALL NOT BE ISSUED TO ANY PERSON WHO DOES NOT POSSESS THE EQUIVALENT OF TWO (2) YEARS EXPERIENCE IN REAL PROPERTY APPRAISAL. SUCH EXPERIENCE, OR THE EQUIVALENT THEREOF, MUST BE ACQUIRED WITHIN A PERIOD OF FIVE (5) YEARS IMMEDIATELY PRECEDING THE FILING OF THE APPLICATION FOR CERTIFICATION. (EMPHASIS ADDED)."
THE CARDINAL RULE OF STATUTORY CONSTRUCTION IS TO ASCERTAIN THE INTENT OF THE LEGISLATURE. JACKSON V. IND. SCHOOL DISTRICT NO. 16. PAYNE COUNTY, 648 P.2D 26, 29 (OKLA. 1982). IN READING THE ABOVE REFERENCED PROVISION OF THE REAL ESTATE APPRAISER ACT, THE LEGISLATURE'S USE OF THE WORDS SHALL NOT MAKES IT CLEAR THAT UNLESS AN APPRAISER POSSES E THE PRESCRIBED REQUIREMENTS HE OR SHE CANNOT BECOME A CERTIFIED APPRAISER. IT IS EQUALLY CLEAR FROM A PLAIN READING OF THE STATUTE THAT THE EXPERIENCE MUST HAVE BEEN ACQUIRED IMMEDIATELY PRECEDING THE FILING OF AN APPLICATION.
UNDER THE BOARD'S PROPOCAL AN APPLICANT WOULD BE ALLOWED TO SIT FOR THE EXAM AND UPON PASSAGE RECEIVE A PROVISIONAL LICENSE, WHICH HE OR SHE WOULD RETAIN UNTIL THEY HAD ACCRUED THE REQUISITE TWO (2) YEARS EXPERIENCE NEEDED FOR CERTIFICATION. THE CLEAR EFFECT OF SUCH A RULE WOULD BE TO EXPAND THE LICENSING PROVISION TO INCLUDE A TRANSITIONAL LICENSE.
IT IS WELL-SETTLED THAT AN AGENCY CREATED BY STATUTE MAY EXERCISE THE POWERS GRANTED BY THE STATUTE AND CANNOT EXPAND THOSE POWERS BY ITS OWN AUTHORITY. MARLEY V. CANNON. 618 P.2D 401, 405 (OKLA. 1980). SEE ALSO, CRAY V. KENNEDY, 640 P.2D 1219, 1230 (KAN. 1982) WHICH STATES IN THE ABSENCE OF VALID STATUTORY AUTHORITY, AN ADMINISTRATIVE AGENCY MAY NOT, UNDER THE GUISE OF A REGULATION, SUBSTITUTE ITS JUDGMENT FOR THAT OF THE LEGISLATION. IT MAY NOT EXERCISE ITS SUB-LEGISLATIVE POWERS TO MODIFY, ALTER OR ENLARGE THE PROVISION OF THE LEGISLATIVE ACT WHICH IS BEING ADMINISTERED. CLEARLY, THE BOARD'S ACTION WOULD ALTER THE ACT.
THE LANGUAGE OF SECTION 858-713 MAKES IT CLEAR THAT THE LEGISLATURE DID NOT INTEND TO ADOPT A TRANSITION LICENSING PROVISION. SEE, MCCULLICK V. THE STATE OF OKLAHOMA, 682 P.2D 235, 236 (OKL.CR.1984) MENTION OF ONE THING IN A STATUTE IMPLIES THE EXCLUSION OF ANOTHER. THIS DECLARATION IS FURTHER SUPPORTED BY THE FACT THAT THE OKLAHOMA CERTIFIED REAL ESTATE APPRAISER ACT WAS PATTERNED AFTER THE FEDERAL FINANCIAL INSTITUTIONS REFORM, RECOVERY AND ENFORCEMENT ACT (FFIRREA) OF 1989. (SEE, 59 O.S. 701-858), WHICH ALSO ESTABLISHED AN APPRAISAL SUBCOMMITTEE.
THE FFIRREA APPRAISAL SUBCOMMITTEE ISSUED GUIDELINES REGARDING STATE CERTIFICATION AND LICENSING OF APPRAISERS. THOSE GUIDELINES PROVIDE THAT A STATE MAY ISSUE A TRANSITIONAL LICENSE TO AN APPLICANT WHO HAS PASSED THE EXAMINATION BUT LACKS THE REQUIRED EXPERIENCE. SEE, APPRAISAL SUBCOMMITTEE REVISED GUIDELINES REAARDINA STATE CERTIFICATION AND LICENSING OF APPRAISERS, 45 FED. REG. 20693 (1991). DESPITE THIS GUIDANCE THE OKLAHOMA LEGISLATURE CHOSE TO EXCLUDE, FROM THE ACT, A 'TRANSITIONAL LICENCE SECTION.
IT IS THEREFORE MY OPINION, BASED ON THE FACTS AS PROVIDED BY YOU THAT THE REAL ESTATE APPRAISER BOARD MAY NOT IMPLEMENT, BY RULE, A PROVISION FOR A "TRANSITIONAL LICENSE".
(JOSEPH L. MCCORMICK)